UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALICE MARIE FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02586-SEB-TAB |
| | ) | |
| EQUIFAX, INC., | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC, | ) | |
| EQUIFAX CONSUMER SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

On October 6, 2020, Plaintiff Alice Marie Flowers ("Ms. Flowers") *pro se* initiated

this lawsuit against Defendants Equifax, Inc.; Equifax Information Services, LLC; and

Equifax Consumer Services (collectively, "Equifax"), asserting claims related to a data

security incident. Equifax has moved to dismiss the Complaint pursuant to Federal Rule

of Civil Procedure 12(b)(6) on the grounds that it is duplicative of an action Ms. Flowers

filed in this court on August 28, 2019 [Dkt. 4]. For the reasons set forth herein, this

motion is **granted.**

<u>Discussion</u>

Equifax contends that Ms. Flowers's Complaint is subject to dismissal because it is

duplicative of another pending federal action. Specifically, on August 28, 2019, Ms.

Flowers filed a complaint in this court against Equifax. *See Flowers v. Equifax Inc., Case*

*No.* 1:19-CV-3678-TWP-DLP, at Dkt. 1. Ms. Flowers's complaint in that case, which was

assigned to the Honorable Tanya Walton Pratt, asserted claims related to a data security incident that Equifax had announced on September 7, 2017. On December 19, 2019, the Judicial Panel on Multidistrict Litigation transferred that action to the Northern District of Georgia for consolidated pretrial proceedings in *In Re: Equifax, Inc., Customer Data Security Breach Litigation*, 1:17-md-02800-TWT (the "Multidistrict Litigation"). *Id.* at Dkt. 15. Following this transfer, the court in the Multidistrict Litigation stayed and administratively closed Ms. Flowers's case pending before Chief Judge Pratt. *Flowers v. Equifax*, Case No. 1:19-cv-05703-TWT, at Dkt. 18. On January 13, 2020, the Northern District of Georgia granted final approval of the consumer settlement in the Multidistrict Litigation. *In Re: Equifax, Inc.*, Case No. 1:17-md-02800-TWT, at Dkt. 956. Appeals from this order are pending before the Eleventh Circuit.

On June 5, 2020, Ms. Flowers filed a Motion to Grant Exclusion from the Multidistrict Litigation. *Flowers v. Equifax*, Case No. 1:19-cv-05703-TWT, at Dkt. 21. Equifax did not oppose the entry of an order clarifying that Ms. Flowers submitted a valid and timely request for exclusion from the consumer settlement; however, to the extent Ms. Flowers's motion was an attempt to seek remand so that her case could be resolved by Chief Judge Pratt, Equifax opposed this remand as premature. In its Response, Equifax noted that Ms. Flowers's case—like all other individual actions consolidated in the Multidistrict Litigation—remained stayed and administratively closed; that the Multidistrict Litigation court had not ruled that consolidated pretrial proceedings are concluded; and that Ms. Flowers's case, like the other opt out cases, will benefit from

coordinated proceedings once the cases are reopened. *Id*., Dkt. 25 at pp. 3–4.  The Northern District of Georgia has not yet ruled on Ms. Flowers's motion.

Despite the pendency of her original action in the Multidistrict Litigation where her motion awaits a ruling, Ms. Flowers initiated the instant action on October 6, 2020. As Equifax aptly summarizes, Ms. Flowers's Complaint in this case contains no new causes of action and instead reiterates her allegations that Equifax acted negligently with respect to the 2017 data security incident. Indeed, Ms. Flowers's acknowledges that the "original filing of her case was sent to the multi-district litigation[.]" Dkt. 1, at 1. Equifax requests that we dismiss Ms. Flowers's complaint given its duplicative nature.

We agree with Equifax that dismissal of Ms. Flowers's Complaint is appropriate here.

District courts have "broad discretion to dismiss a complaint 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" *McReynolds v. Merrill Lynch & Co., Inc*., 694 F.3d 873, 888-89 (7th Cir. 2012). An action is duplicative, and therefore may be dismissed under Rule 12(b)(6), where the "claims, parties, and available relief do not significantly differ between the two actions." *Id.*

Here, there is no dispute that the "claims, parties, and available relief do not significantly differ between" the instant case and Ms. Flowers's original case filed before Chief Judge Pratt and transferred to the Multidistrict Litigation. *McReynolds*, 694 F.3d at 889.  Indeed, the claims, parties, and available relief are nearly identical between the two actions: Ms. Flowers's Complaint in this action contains no new claims and merely

reiterates her allegations that she suffered injuries arising from Equifax's data breach, which allegations formed the crux of her original action. *See Flowers v. Equifax Inc.*, Case No. 1:19-CV3678-TWP-DLP, Dkt. 1. In both actions, she seeks to recover damages from Equifax. Accordingly, we are in agreement with Equifax that the pending Complaint is duplicative of a parallel federal action and therefore dismissal is appropriate. *McReynolds*, 694 F.3d at 889.

<u>**CONCLUSION**</u>

Equifax's Motion to Dismiss [Dkt. 4] is **granted.** Final judgment shall enter accordingly.

IT IS SO ORDERED.

Date: _____5/10/2021_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALICE MARIE FLOWERS
P.O. Box 2322
Anderson, IN 46018

J. Anthony Love
KING & SPALDING LLP
tlove@kslaw.com